**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ADRIAN NUNEZ LOPEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-74489

Agency No. A094-298-790

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Adrian Nunez Lopez, native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal under the Nicaraguan Adjustment and Central American

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Relief Act of 1997 ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001), and for substantial evidence factual findings, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Lopez's contention that the IJ violated due process by acting as a handwriting expert fails in light of the agency's reliance on alternative grounds for its finding that Lopez lied about the submission of work authorization and temporary protective status applications. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge). Substantial evidence support the BIA's determination that there was no clear evidence of identity theft. *Najmabadi*, 597 F.3d at 986.

The record does not support Lopez's contention that the IJ had closed the record for entry of additional documents before admitting the work authorization and temporary protective status applications. Lopez's due process claim therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process claim).

We therefore lack jurisdiction to review the discretionary denial of cancellation of removal under NACARA. 8 U.S.C. § 1252(a)(2)(B).

We also lack jurisdiction to review Lopez's remaining contentions that the IJ engaged in speculation and that Lopez established good moral character despite the lack of candor finding because Lopez failed to exhaust these issues before the BIA. *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) ("A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal.)

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**